UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
……………………………………………………………………………….………x
TARA JAMES

                Plaintiff,           Civ. Action No.

  -against-

                                                        **COMPLAINT**

NEW YORK CITY TRANSIT AUTHORITY
METROPOLITAN TRANSPORTATION AUTHORITY

                                              **JURY TRIAL IS**
                Defendant.           **REQUESTED**

…………………………………………………………………………………….x

      Plaintiff, Tara James, by her attorney, Albert Van-Lare, Esq., complaining of the Defendants alleges the following:

## JURISDICTION AND VENUE

1. Jurisdiction lies in this Court pursuant to 28 USC § 1331.

2. Venue is proper in this court pursuant to 28 USC § 1391.

3. State law matters in this complaint are brought pursuant to this court's supplemental jurisdiction to decide state law matters.

## PARTIES

4. Plaintiff was a former employee of the New York City Transit Authority (Transit) and its parent corporation, Metropolitan Transportation Authority (MTA), a public benefit corporation.

5. Plaintiff was diagnosed with acute gastrointestinal virus that rendered her unable to perform her regular functions and life activities due to severe pain in the stomach.

6. This condition began around February 2017 and continued at different time with different intensity levels until March 2018.

7. Plaintiff sought treatment that would allow her to manage this disease as the disease was not responsive to one time treatment or multiple times treatment.

8. Plaintiff was cleared to return to full duty in March 2018

9. Defendants, New York City Transit Authority and MTA, were Plaintiff's employers during the relevant period.

## FACTUAL ALLEGATIONS

10. The Defendant engaged in acts of discrimination in violation of Title ADA and FMLA.

11. Plaintiff was employed by the New York City Metropolitan Transit Authority from September 26, 2016 to March 23, 2018.

12. Plaintiff was employed as a Train Operator during that time.

13. The immediate events leading up to this case began on or about February 6, 2017 and continued until March 23, 2018.

14. Plaintiff suffers from acute gastro intestinal virus illness.

15. The first time Plaintiff became ill was February 6, 2017.

16. Plaintiff became ill again February 23, 2017, May 8, 2017, June 6, 2017, July 18, 2017, December 25, 2017, and March 4, 2018.

17. All of these dates were documented with MTA.

18. The MTA is aware of Plaintiffs disability in this regard.

19. All of Plaintiff's absences were documented and authorized by MTA/ NYC transit doctors.

20. The above notwithstanding, MTA proceeded to terminate Plaintiff.

21. Plaintiff went on vacation on March 11, 2018 until March 18, 2018.

22. Plaintiff returned and was told to report to Labor Relations at 130 Livingston Street, Brooklyn, NY on Monday March 19, 2018 at 8:00am.

23. Plaintiff waited until 2:00pm and was then told to return the next day March 20, 2018 at 8:00am with all her medical documentation and apply for FMLA.

24. Plaintiff was then told to return on March 21, 2018 at 8:00am to speak with Mr. Carl Hildner.

2

25. Plaintiff was unable to return on that day due to a snow storm, so she returned on March 22, 2018.

26. On March 22, 2018 Mr. Hildner presented Plaintiff with a termination letter and would not explain to her why her medical documentation was not being considered.

27. The reason for Plaintiff's termination was allegedly based on her failure to satisfactorily complete her probationary period.

28. Plaintiff successfully completed probationary period.

29. Plaintiff was alleged to have failed probation because she had absences that were ascribed to her acute gastro intestinal virus illness.

30. This reason is false.

31. Plaintiff's medical disability that results from gastro intestinal virus is well documented in Defendants' records.

32. Plaintiff successfully completed her probationary period.

33. Plaintiff's probationary period was extended.

34. Under the terms of the extension, Plaintiff's probation ended on March 15, 2018.

35. The agency effected the termination eight days after Plaintiff successfully completed probation.

36. Plaintiff's termination effective March 23, 2018 that was ascribed to failure to satisfactorily complete probation is therefore null in void.

## AS AND FOR A FIRST CAUSE OF ACTION

37. Paragraphs 1 thru 36 are realleged as if set forth herein verbatim and incorporated by reference.

38. Defendant violated Plaintiff's rights under Article 15 of the New York Executive Law, New York Executive Law Section 296 by engaging in unlawful discriminatory practices against Plaintiff.

39. Defendant discriminated against Plaintiff because of her disabilities when she was subjected to unlawful discriminatory practices. The Defendant also subjected Plaintiff to hostile work environment and retaliation in violation of Article 15 of the NY Executive Law.

40. The Defendant subjected Plaintiff to Retaliation and hostile work environment.

## AS AND FOR A SECOND CAUSE OF ACTION

41. Paragraphs 1 thru 36 are realleged as if set forth herein verbatim and incorporated by reference.

42. Plaintiff was damaged by Defendant's ongoing actions that denied her equal terms and conditions of employment as set forth above, in violation of section 8-107.1 of the Administrative Code of the City of New York.

43. Defendant violated Plaintiff's rights pursuant to section 8-107.1 of the Administrative Code of the City of New York when they engaged in discrimination against Plaintiff because of Plaintiff's disabilities.

44. Defendant also subjected Plaintiff to retaliation and hostile work environment.

## AS AND FOR A THIRD CASE OF ACTION

45. Paragraphs 1 through 40 are realleged as if set forth herein verbatim and incorporated by reference.

46. Paragraphs 1 thru 46 are realleged as if set forth herein verbatim and incorporated by reference.

47. Plaintiff was damaged by Defendants' actions that denied Plaintiff equal terms and conditions of employment as set forth above, in violation of Americans with Disabilities Act, and FMLA.

48. Defendant violated Plaintiff's rights as provided for in ADA and FMLA when they engaged in discrimination against Plaintiff because of her disabilities.

49. Defendant also subjected Plaintiff to retaliation and hostile work environment.

## **RELIEF**

WHEREFORE, Plaintiff demands the following relief, jointly and severally against the Defendant or as otherwise stated:

a. A Declaratory judgment that the conduct, practices, and acts complained of herein are discriminatory and illegal.

b. A Declaratory judgment that Plaintiff was discriminated against on the grounds of disabilities by Defendant.

c. An order granting damages totaling the greater of $2,000.000.00 or the amount to be proven at trial.

d. An Order by the Court taxing the costs of this action against Defendants, including Plaintiff's attorneys' fees incurred in the prosecution of this case.

e. An Order granting punitive damages against the Defendant.

f. Any and all further relief in law and equity deem necessary by the Court.

Dated: March 15, 2019

Respectfully submitted,

_Albert Van-Lare_

Albert Van-Lare
The Law Offices of Albert Van-Lare
125 Maiden Lane
Suite 510
New York, NY 10038
(212) 608-1400